FOREIGN INSURANCE CORPORATIONS — SERVICE AGENTS The provisions of Senate Bill 192 requiring foreign or domesticated corporations to designate the Secretary of State as their service agent are not applicable to foreign insurance corporations. The Attorney General has received your request for an opinion wherein you, in effect, ask the following question regarding Senate Bill 192, First Session, Thirty-fourth Oklahoma Legislature (1973), amending 68 O.S. 1.17 [68-1.17] (1971): Are the provisions of the Act requiring foreign or domesticated corporations to designate the Secretary of State as their service agent applicable to foreign insurance corporations? Subsection (a) of this statute, as amended by Senate Bill 192, reads in relevant part as follows: "Every corporation shall have and continuously maintain in this state a registered agent, on whom service of summons may be had. In the case of a domestic corporation, such agent may be either an individual, resident of this state, whose business office is identical with the registered office, or a domestic corporation, having a business office identical with the registered office, and in the case of a foreign or domesticated corporation, such registered agent shall be the Secretary of State. . . ." (Emphasis added) In answering your question, consideration must be given to 18 O.S. 1.3 [18-1.3] (1971) defining the scope of the Business Corporation Act, with which Act the above bill is concerned. This Section reads as follows: "Scope of Act. — The provisions of this Act shall be applicable to every private corporation, profit or non-profit, stock or non-stock, now existing or hereafter formed or domesticated under the laws of this State, and all securities thereof, except and only to the extent that such corporation be expressly excluded from the operation of this Act or portions hereof, or there be special provisions in relation to and class of corporations inconsistent with provisions of this Act, whereupon such special provisions shall govern as to such class of corporations. The provisions of this Act relating to domestication of foreign corporations and providing requirements and duties with relation to such corporations shall not apply to insurance companies now or hereafter qualified to transact business in Oklahoma, which are subject to the jurisdiction of the Insurance Commissioner of this State, nor to foreign transportation companies now or hereafter qualified to transact business in the State of Oklahoma which are subject to the jurisdiction of the Corporation Commission of this State." (Emphasis added) It therefore becomes apparent that insurance companies subject to the jurisdiction of the insurance commissioner are expressly excluded from the application of the Business Corporation Act, and thus Senate Bill 192, amending a portion of such Act, is likewise inapplicable to such companies. It should also be noted that a special provision regarding service agents for foreign insurance corporations such as that mentioned in Section 1.3 above is found in 36 O.S. 621 [36-621] (1971), which reads: "A. Each authorized foreign or alien insurer shall appoint the Insurance Commissioner as its attorney to receive service of legal process issued against it in Oklahoma upon any cause of action arising from its transaction of business in the State of Oklahoma. The appointment shall be irrevocable, shall bind any successor and shall remain in effect as long as there is in force in Oklahoma any contract made by the insurer or obligations arising therefrom. "B. Service of such process against a foreign or alien insurer shall be made only by service of process upon the Insurance Commissioner. Service of process against a domestic insurer may be made upon the insurer corporation in the manner provided by laws applying to corporations generally, or upon the insurer's attorney-in-fact if a reciprocal insurer of a Lloyds association. "C. Each such insurer at time of application for a certificate of authority shall file with the Insurance Commissioner designation of the name and address of the person to whom process against it served upon the Insurance Commissioner is to be forwarded. The insurer may change such designation by a new filing." This special provision would likewise place foreign insurance corporations outside the scope of the Business Corporation Act under the exclusionary clause contained in Section 1.3 of the Act. A thorough reading of the above statutes, each in conjunction with the other, requires your question to be answered in the negative. It is, therefore, the opinion of the Attorney General that the provisions of Senate Bill 192 requiring foreign or domesticated corporations to designate the Secretary of State as their service agent are not applicable to foreign insurance corporations. (James R. Barnett)